## MOONEY & UX. *vs.* KAVANAGH & AL.

The submission of an action, and all demands existing between the parties, to the determination of referees, dissolves any attachment of property made in that action ; and this, whether other demands are in fact exhibited to the referees or not.

THIS was a *scire facias* to the defendants, to shew cause why the plaintiffs should not have a *pluries* execution on a former judgment in their favor against the same defendants ; the first execution having been extended on land which, it was alleged, did not belong to them.

From the pleadings, which were voluminous, it appeared that the land was originally attached by the plaintiffs, and afterwards by another creditor ;—that the plaintiffs, while their suit was pending, and after the second attachment, entered into a rule of court with the defendants, by which that action, and all demands, were submitted to certain referees, who awarded a balance to the plaintiffs ; on which judgment was rendered, and execution issued, and extended on the land in question. Afterwards, the other creditor recovered judgment, and extended his execution on the same lands. It was alleged in one of the defendants' pleas, and admitted by demurrers, that the plaintiffs had in fact no other demand against the defendants than was contained in the original writ, and that none other was laid before the referees, or considered by them.

*Allen,* for the plaintiffs, said that by the submission of all demands the attachment was dissolved, and consequently the extent was void ; the land being under the lien of the second attachment, by another creditor, who had since taken it in satisfaction of his own judgment. The subsequent proceedings before the referees did not restore the attachment, nor affect the question ; it being already settled by the entry of record. To suffer the rights of attaching creditors to depend upon parol testimony of the transactions before referees, would unsettle real titles, and create confusion. *Hill v. Hunnewell* 1 *Pick.* 192.

*Orr*, for the defendants, admitted that bail were discharged by a submission of all demands ; but he denied that the same principle applied to attachments of property. The obligation of bail is founded in a special contract, that the principal shall abide the judgment in that suit. But when the character, of the suit is changed, and it is made to embrace other, causes of action, as well in equity as at law, it is no longer the action to which he stipulated that the party should answer ; and by the plainest principles of natural justice he is discharged. But the attachment of property merely creates a lien, by positive law, to the amount of the debt demanded. No new cause of action, it is true, can be inserted in the writ, to the prejudice of other liens, created by subsequent attaching creditors, who have an interest in the surplus. But where no new demand is, or can be added to the original claim, as in the present case, no other rights are affected by the mere language of the record, and the reason of the rule in favor of bail does not apply.

MELLEN C. J. delivered the opinion of the court, at the succeeding term in *Kennebec*.

It cannot be necessary, in giving our opinion in this case, to travel through the protracted pleadings of the parties, terminating in general demurrers ; it is sufficient to extract from them the simple questions presented for decision. These are, 1. Does the submission of an action and all demands subsisting between the parties, to the determination of referees, dissolve an attachment of property made in that action ? 2d. Is it competent for a party, in pleading to aver " that no other, or greater, or differ-" ent demand than the demand made in the declaration, was sub-" mitted to the referees, and that said referees made their " report aforesaid on a consideration and hearing of the whole " demand, in the same declaration declared for, and upon no other, " different or greater demand ;" it appearing on the record that the report of said referees was " in full for said action and all demands ?"

As to the first question, we would observe that the principle has long been acknowledged and familiar in practice, that a sub-

Mooney & ux.  *v.* Kavanagh & al.

mission of all demands dissolves an attachment ; and when the plaintiff was desirous of guarding against such a consequence, he would either submit the action only omitting the words " and all demands" ; or confining the expression to " all demands" which the defendant had against the plaintiff, as mentioned by *Jackson* J. in the case of *Hill v. Hunnewell* 1 *Pick.* 192.   That case is a direct authority, in confirmation of the received opinion as to the law upon this point.   The court say that " the mere act of enter-" ing into such a reference dissolves an attachment—and that it " likewise discharges bail"—that is, such a submission is *ipso facto* a voluntary release of the attachment in one case, and of the bail in the other ; a right once released, is gone, and in this case the effect of the release does not in any degree depend on subsequent facts.

As to the second question, we may observe that the principle we have just stated seems to be a sufficient answer ; for as the release of the attachment operates from the time of the submission, it is of no consequence whether additional demand on the part of the plaintiff were presented to, and allowed by the referees ; the attachment, being released, is as though it had never existed ; and therefore the averment in the pleadings above stated is of no importance, and though admitted by the demurrers to be true, it is not of any more importance on that account.   In addition to the answer we have now given, it may be observed that if the question, whether an attachment is dissolved, were to depend on such facts as are averred by the defendant, the rights of parties and their titles to property would be placed in a dangerous situation, often depending on the memory of referees and the uncertain testimony of contradictory witnesses ; and often liable to total destruction and loss.   A principle leading to such consequences can never be sanctioned.

The rebutter and the second rejoinder are therefore adjudged bad, and a *pluries* execution is to issue according to the prayer of the petition.